Leo Dikmaít, J.
By decree of Supreme Court, Queens County, dated April 15, 1974 respondent' herein was granted a divorce from petitioner because of her abandonment. Having been divorced on a “ fault ” ground petitioner (defendant in the Supreme Court action) was not entitled to receive any alimony. (See Domestic Relations Law, § 236; Mellen v. Mellen, 46 A D 2d 790; Hessen v. Hessen, 33 N Y 2d 406, 410; Votta v. Votta, 40 A D 2d 532; and Math v. Math, 39 A D 2d 583, affd. 31 N Y 2d 693.) However, although the case was tried by inquest, defendant therein having defaulted, the decree directs respondent herein to pay $25 weekly alimony. That order is binding in this court. The decree further provides that a ‘ ‘ modification shall be solely within the jurisdiction of said Family Court.”
A support proceeding has been pending in this court since 1969, and this matter was on the calendar of this court several times during the pendency of the divorce- action. In fact in January, 1974, respondent consented to an order of $25 weekly for support of petitioner.
There is no denial that under the orders of this court, respondent is in arrears in the sum of $6,240. Petitioner now seeks enforcement of the $£5 weekly order, and payment of arrears. Respondent seeks a downward modification.
In 1972 respondent earned a gross of $7,194, and $8,474 in 1973. At present he has a take home pay of $108 weekly on one job, plus $28 weekly from a second job, plus free rent, gas. *925 electric and telephone. Respondent claims a change of circumstances in that he has remarried and has one child of that marriage.
In Matter of Windwer v. Windwer (39 A D 2d 927, 928, affd. 33 N Y 2d 599), the court said, “ A divorced husband’s remarriage and a child born of his remarriage are not such circumstances as would warrant a reduction in support provisions, where the husband’s income remains unchanged.” The facts here present a somewhat different situation. Undef^the cases cited above, petitioner should not receive any alimony. By virtue of the divorce decree she is entitled to receive alimony. In the case at bar the husband is the innocent party. This court believes that Matter of Windwer v. Windwer (supra) can be distinguished, and that where, as in this case, the facts warrant a downward modification, the court has the right to disregard the rule set down in Windwer.
This court finds that there is a change of circumstances in that respondent is now required to support his present wife and the child of the new marriage.
Upon all of the testimony, and the exhibits I find and decide as follows: (1) arrears are fixed at $6,240 and held in abeyance; ' (2) respondent is ordered to pay to petitioner for her support, through the Support Bureau of this court, starting November 22, 1974, the sum of $20 weekly; (3) respondent shall pay to petitioner’s attorney, for services rendered in this court, to the date hereof, the sum of $250. The Support Bureau is directed to pay said sum, which it is holding in the form of cash bail, directly to petitioner’s attorney.